IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

DONNALE C. CLAY,

    Movant,

vs.

UNITED STATES OF AMERICA.

No. C11-0121-LRR
No. CR09-0005-LRR

ORDER

---

This matter appears before the court on Donnale C. Clay's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (civil docket no. 1). Donnale C. Clay ("the movant") filed such motion on November 14, 2011. On November 15, 2011, the court, among other things, directed the parties to brief the claims that the movant included in his motion pursuant to 28 U.S.C. § 2255 (civil docket no. 2). On December 13, 2011, counsel filed their affidavits (civil docket nos. 3 & 4). On January 13, 2012, the movant filed a supplement (civil docket no. 5). On the same date, the government filed a resistance (civil docket no. 6). On January 17, 2012, the movant filed a motion to amend (civil docket no. 7), and, on January 26, 2012, the movant filed a motion for extension of time to file a reply. The court now turns to consider the movant's motion for extension of time to file a reply, motion to amend, supplement and motion pursuant to 28 U.S.C. § 2255.

Concerning the movant's supplement and motion to amend, the movant asks the court to consider whether he was coerced into pleading guilty, whether his criminal history had been correctly calculated, whether counsel promised him that he would receive a sentence of 51 to 63 months imprisonment, whether the government withheld evidence,

whether the court impermissibly participated in plea negotiations and whether he could withdraw his guilty plea. All of the movant's claims are timely and some of his claims relate to his original claims. *See United States v. Craycraft*, 167 F.3d 451, 457 (8th Cir. 1999) (concluding an otherwise untimely amendment to a 28 U.S.C. § 2255 motion does not relate back to a timely filed motion when the original claims are distinctly separate from the claims in the amendment); *see also Mandacina v. United States*, 328 F.3d 995, 999-1000 (8th Cir. 2003) (citing *Craycraft*, 167 F.3d at 457); *Moore v. United States*, 173 F.3d 1131, 1135 (8th Cir. 1999) (discussing *Craycraft*, 167 F.3d at 456-57). Despite the fact that the court already ordered the government to respond to the movant's original claims and some of the movant's claims are distinct from his original claims, the court finds that it is appropriate for the court to consider the additional claims that the movant raised in his supplement and motion to amend. Accordingly, the movant's motion to amend (civil docket no. 7) shall be granted.

As to the movant's request for additional briefing, the court concludes that no further briefing from the government or the movant is necessary. In light of the record, the court finds that the movant is merely advancing arguments without regard to the truth in order to gain relief. Very little that the movant states is supported by any verifiable facts and nearly everything he states is belied by the credible assertions of counsel. Accordingly, the movant's motion for extension of time to file a reply (civil docket no. 9) shall be denied.

A district court is given discretion in determining whether to hold an evidentiary hearing on a motion under 28 U.S.C. § 2255. *See United States v. Oldham*, 787 F.2d 454, 457 (8th Cir. 1986). In exercising that discretion, the district court must determine whether the alleged facts, if true, entitle the movant to relief. *See Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996). "Accordingly, [a district court may summarily dismiss a motion brought under 28 U.S.C. § 2255 without an evidentiary hearing] if (1) the . . . allegations, accepted as true, would not entitle the [movant] to relief, or (2) the allegations

cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Engelen v. United States*, 68 F.3d 238, 240-41 (8th Cir. 1995) (citations omitted); *see also Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998) (stating that an evidentiary hearing is unnecessary where allegations, even if true, do not warrant relief or allegations cannot be accepted as true because they are contradicted by the record or lack factual evidence and rely on conclusive statements); *United States v. Hester*, 489 F.2d 48, 50 (8th Cir. 1973) (stating that no evidentiary hearing is necessary where the files and records of the case demonstrate that relief is unavailable or where the motion is based on a question of law). Stated differently, a 28 U.S.C. § 2255 motion can be dismissed without a hearing where "the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *see also Standing Bear v. United States*, 68 F.3d 271, 272 (8th Cir. 1995) (per curiam).

The court concludes that it is able to resolve all of the movant's claims from the record. *See Rogers v. United States*, 1 F.3d 697, 699 (8th Cir. 1993) (holding "[a]ll of the information that the court needed to make its decision with regard to [the movant's] claims was included in the record . . . ." and, therefore, the court "was not required to hold an evidentiary hearing") (citing Rule Governing Section 2255 Proceedings 8(a) and *United States v. Raddatz*, 447 U.S. 667, 674, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980)). The evidence of record conclusively demonstrates that the movant is not entitled to the relief sought. Specifically, it indicates that the court properly accepted the movant's pleas of guilty, the government did not engage in inappropriate conduct and counsel represented the movant in a manner that exceeded constitutional requirements. As such, the court finds that there is no need for an evidentiary hearing.

With respect to the merits of the movant's three original claims, the court deems it appropriate to deny the movant's 28 U.S.C. § 2255 motion for the reasons stated in the government's resistance. The government's brief adequately sets forth the law that is

3

applicable to the facts in the movant's case.  Specifically, the government correctly concluded that counsel provided professional and effective assistance to the movant and the movant suffered no prejudice as a result of counsel's actions.

Moreover, the court thoroughly reviewed the record and finds that the denial of the movant's 28 U.S.C. § 2255 motion comports with the Constitution, results in no "miscarriage of justice" and is consistent with the "rudimentary demands of fair procedure." *Hill v. United States*, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962); *see also United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) ("Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised for the first time on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." (citing *Poor Thunder v. United States*, 810 F.2d 817, 821 (8th Cir. 1987))).  It is not subject to debate that the movant knowingly and voluntarily pleaded guilty pursuant to a plea agreement that he entered into with the government.  *See Walker v. United States*, 115 F.3d 603, 604 (8th Cir. 1997) ("[A] valid guilty plea forecloses an attack on conviction unless 'on the face of the record the court had no power to enter the conviction or impose the sentence.'"); *United States v. Jennings*, 12 F.3d 836, 839 (8th Cir. 1994) (a voluntary and unconditional guilty plea waives all defects except those related to jurisdiction).  The parties' plea agreement addressed, among other things, the possibility of the movant receiving a mandatory minimum sentence depending on the drug quantity found by the court[1] and the fact that nobody threatened or forced the movant to plead guilty.  It is true that the movant could have faced additional charges pursuant to a second superseding indictment and/or a lengthier sentence if he did not plead guilty, but the movant's situation does not suggest

---

[1] The court notes that the parties' plea agreement is dated May 4, 2009, and the Supreme Court decided later that judicial fact finding that increases the mandatory minimum sentence is not permissible.  *See generally Alleyne v. United States*, ___ U.S. ___, 133 S. Ct. 2151 (2013).

that either the court or the government did anything improper. In addition, at no point during the multi-day sentencing hearing did the movant ever complain about facing a sentencing range of 100 to 125 months imprisonment rather than a sentencing range of 51 to 63 months imprisonment. The record clearly indicates that the movant's contention about what counsel promised him is false. Indeed, it indicates that the movant knew that he faced a wide range of possible sentences—up to 40 years based on the applicable statutes and between 37 to 162 months imprisonment but more likely between 70 and 87 months imprisonment or 120 to 150 months imprisonment depending on the applicable sentencing guidelines—and that he received a shorter sentence than he and counsel were expecting. In the event that the movant elected to go to trial or he tried to withdraw his guilty plea, it is a near certainty that the movant would have received a longer sentence. This is especially so because a jury would have found the movant guilty in light of the stipulation of facts that he agreed could be used against him in any proceeding, the movant would have lost acceptance of responsibility and the government most likely would have filed a second superseding indictment and/or introduced evidence of drug quantity.

Further, it is evident that the court appropriately sentenced the movant. The court's application of the advisory sentencing guidelines and consideration of the parties' arguments violated no constitutional right. *See United States v. Villareal-Amarillas*, 562 F.3d 892, 898 (8th Cir. 2009) (observing that a sentencing judge is only constrained by the statutory maximum and minimum for an offense and the factors included in 18 U.S.C. § 3553(a)). None of the terms that the parties included in their plea agreement restricted the court's discretion during the sentencing hearing; the parties did not stipulate to any application of particular sentencing guidelines.

Lastly, it is apparent that the conduct of counsel fell within a wide range of reasonable professional assistance, *Strickland v. Washington*, 466 U.S. 668, 689 (1984), and any deficiencies in counsel's performance did not prejudice the movant's defense, *id.* at 692-94. The movant's claims regarding ineffective assistance of counsel are devoid of

merit. Contrary to the movant's assertions, counsel did not coerce or threaten the movant into pleading guilty, counsel did not fail to raise any viable sentencing argument and counsel made strategic decisions that tremendously benefitted the movant. There is no credible basis to conclude that counsel's investigation was inadequate, counsel should have sought suppression of certain evidence, counsel pressured the movant into pleading guilty, counsel promised a sentence of 51 to 63 months imprisonment, counsel should have sought to withdraw the movant's plea of guilty or counsel should have further challenged the movant's criminal history category when he had been correctly assessed with a total of 12 points. Moreover, the movant's assertions as to what counsel did or failed to do would not have changed the outcome.

In sum, the alleged errors that are asserted by the movant do not warrant relief under 28 U.S.C. § 2255. The movant's claims are baseless. None of the movant's assertions in support of his request for relief lead the court to conclude that a violation of the Constitution occurred. Based on the foregoing, the movant's 28 U.S.C. § 2255 motion shall be denied.

In a 28 U.S.C. § 2255 proceeding before a district judge, the final order is subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. *See* 28 U.S.C. § 2253(a). Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. *See* 28 U.S.C. § 2253(c)(1)(A). A district court possesses the authority to issue certificates of appealability under 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36, 123 S. Ct. 1029, 1039, 154 L. Ed. 2d 931 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997); *Tiedeman*, 122 F.3d at 523. To make such a showing, the issues

must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox*, 133 F.3d at 569 (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)); *see also Miller-El*, 537 U.S. at 335-36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy [28 U.S.C.] § 2253(c) is straightforward: the [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000)). When a federal habeas petition is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [movant must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, the court finds that the movant failed to make the requisite "substantial showing" with respect to the claims that he raised in his 28 U.S.C. § 2255 motion. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Because he does not present a question of substance for appellate review, there is no reason to grant a certificate of appealability. Accordingly, a certificate of appealability shall be denied. If he desires further review of his 28 U.S.C. § 2255 motion, the movant may request issuance of the certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with *Tiedeman*, 122 F.3d at 520-22.

**IT IS THEREFORE ORDERED**:

1) The movant's motion to amend (civil docket no. 7) is granted.

7

Case 1:11-cv-00121-LRR   Document 12   Filed 10/18/13   Page 7 of 8

2) The movant's motion for extension of time to file a reply (civil docket no. 9) is denied.

3) The movant's 28 U.S.C. § 2255 motion (civil docket no. 1) is denied.

4) A certificate of appealability is denied.

**DATED** this 17th day of October, 2013.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA